**HUNTER, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Second District, Greene County.

No. 544. Decided January 28, 1955.

R. Brooke Alloway, Columbus, for plaintiff-appellant.

Hon. C. William O'Neill, Attorney General, Paul Tague, Jr., Asst. Atty. General, Columbus, for defendant-appellee.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the defendant, and

which denies the appellant the right to participate in the Workmen's Compensation Fund for injuries alleged to have been received on November 6, 1948.

The errors assigned may be epitomized as:

(1) The court erred in its charge to the jury.

(2) The verdict is against the manifest weight of the evidence.

The error in the charge relates to the issues of fact which the court charged the jury were before it for its determination. This charge contained the following:

"Did the claimant and plaintiff in this case sustain an accidental injury in the course of and arising out of his employment with his employer on or about November 6, 1948?"

It is urged that this issue should not have been presented, since certain stipulations were made in the record which show the accidental injury complained of. We do not think the stipulations go this far. We are of the opinion that the stipulations show that the appellant received an injury to his ankle on the date alleged in the petition and for which he had been compensated by the defendant. The claim as originally filed on January 4, 1949 set forth only the ankle injury. On August 21, 1950, a motion was filed to amend the original application by including injuries to the knees and back. This motion was denied for the reason of failure of proof.

A rehearing was had before a referee, and on November 10, 1952, the Industrial Commission entered the following order:

"It is ordered that the claimant's claim for disability to his legs and back be denied on rehearing for the reason that the claimant has failed to prove by a preponderance of the evidence that his disability is the result of or related to an injury sustained by him while in the course of and arising out of his employment on or about November 6, 1948 while working for the employer herein named."

It is a fundamental principle that the issues in a case are made up by the pleadings and proof is required to sustain all of the material allegations unless they are admitted.

In the petition the plaintiff alleges in part as follows: .

"Plaintiff states further that on or about November 6, 1948, * * *, while in the usual course of his employment, plaintiff was pushing a flat truck on some rails when his feet slipped and caused plaintiff to fall to the ground in a twisted position and that as the direct and proximate result of said occurrence sustained physical damage to his ankles, back and legs, which conditions were disabling in excess of seven days."

Defendant in its answer stated:

"* * * the defendant * * *, admits that on or about November 6, 1948, plaintiff sustained an injury resulting in a sprain of the right ankle, for which medical expenses were paid; * * *.

The defendant specifically denies that claimant sustained any injury other than sprain of his right ankle on November 6. 1948, and generally denies each and every material allegation of plaintiff's petition not herein admitted to be true."

It will be noted that from these pleadings the question of an accidental injury to the claimant's back and legs was presented and which

required proof before a verdict could be returned in favor of the plaintiff.

It is further urged that the court erred in stating to the jury: "The term 'injury' as used comprehends only such injuries as are accidental in origin and cause". This definition of a compensable injury is approved in **Matczak v. Rubber Co., 139 Oh St 183**, and under the facts presented here was properly given. It might have been more complete, but it was not erroneous. Taken in its most favorable light towards the plaintiff it could have been only an error of omission and not commission. No request was made for further instructions by the appellant; hence it could not be assigned as error.

We have examined the entire record and find that there was a substantial conflict in the testimony as to whether or not the plaintiff received the injuries for which a recovery was sought. The verdict was therefore not against the manifest weight of the evidence.

Finding no error in the record the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.